UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TERRANCE JACKSON, | ) |
| Plaintiff, | ) |
| | ) Case No.: 10-1234 |
| v. | ) |
| | ) Judge: Michael M. Mihm |
| CITY OF PEORIA; JACOB FAW; JOHN BRIGGS; CHARLES RODGERS JR.; ROBERT MCMILLEN; and JOHN S. RODGERS III, | ) Magistrate Judge: John A. Gorman |
| Defendants. | ) |

## AMENDED PROTECTIVE ORDER

The court finds that good cause exists for entry of a Protective Order to prevent unauthorized disclosure and use of financial, medical, employment, or other personal confidential information during and after the course of this litigation. Accordingly, it is hereby ordered that:

**A.   Definitions of "Confidential Information" and "Confidential – Attorney's Eyes Only"**

1.   The term "confidential information" shall include all information, documents and other materials revealed or disclosed during any proceedings in the above matter that are designated as "confidential information" in the manner set forth in this Protective Order. "Confidential information" shall mean material that, in the good faith opinion of a party, contains any medical records, employment records, personnel records, financial documents, proprietary information, non-public information, personal information, and other confidential information which is maintained as such. This includes e-mails, policies, contracts, and other documents provided through discovery.

2.  "Confidential –Attorney's Eyes Only" shall mean material that, in the good faith opinion of a party, contains highly sensitive Confidential Information that, if disclosed, may implicate the party's or protected person's interests in personal and financial safety.

**B.    Marking "Confidential" and "Confidential – Attorney's Eyes Only" Information**

1.  A designation as to documents or any other tangible thing produced shall be made by placing an appropriate legend on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing that certain documents (identified by Bates stamp number) are "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  The designation may also be made electronically on documents produced in electronic format or by affixing a label onto the medium onto which the electronically stored information has been copied, subject to the producing party's best efforts to make confidentiality designations by document on electronic documents.

2.  Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by a party or third-party witness either: (a) before the testimony is taken, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the reporter, as the designating party may direct; or (b) by written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the objecting party or its counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their or their clients' possession or control as directed by the designating party or witness.

Pending expiration of the ten (10) business days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  No person shall attend the designated portions of such depositions unless such person is an authorized recipient of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information under the terms of this Order.

3. Parties or third-party witnesses will clearly designate any documents containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information and may only do so in good faith.  Any party objecting to a designation of material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" must notify the designating party or third-party witness of such objection within seven (7) days of receipt of such information.  If the parties and/or third party witness cannot resolve the dispute over the designation of the materials at issue, the dispute may be submitted to the Court by motion or otherwise.  Until the dispute is resolved, the parties must treat the material at issue as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information under this Protective Order.  The parties agree not to object to any request to extend applicable discovery deadlines by the number of days during which the dispute regarding designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"  Information persists.

C. **Use of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information**

1. Except as specifically authorized by this Court, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information shall not be disclosed or revealed to anyone not authorized by this Protective Order.  Further, any disclosed information

shall be used only for the purposes of preparing for or conducting this litigation.  Each party reserves the right to redact sensitive information from any material filed with the Court.  However, on Order of the Court, such information or un-redacted documents shall be filed with the Court under seal or otherwise.

2. Except upon further Order, counsel for each party may designate any documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" before or after production, pursuant to the terms of this Protective Order so that such documents and information designated as confidential may be used or disclosed only as specified in this Protective Order.

3. If any document containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information needs to be filed under seal with the Court, it shall be done so only upon Court Order after a proper motion is filed for leave to file under seal pursuant to Local Rule 5.10.

4. Any document containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information filed with the Court not under seal shall comply with the privacy and redaction requirements set forth in Local Rule 5.11.

5. Access to Confidential Information shall be limited to:

   a.) the court and its officers;

   b.) the parties and their attorneys, including party employees, associates, and in-house counsel;

   c.) employees of retained counsel;

   d.) independent experts who are employed to furnish expert or technical services or to give expert testimony with regard to this action.  As a condition precedent to disclosure of Confidential Information to an independent expert, the expert must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; to use such information and materials solely for this litigation; not to disclose

      any such information or materials to any other person, firm, or concern; and never to use any of the information, directly or indirectly, in competition with or in a manner adverse to or unauthorized by the party that disclosed it, nor to allow any other person to do so. Each such independent expert shall execute a declaration acknowledging the foregoing, in the form annexed hereto.

    e.)    duplicating services, and auxiliary services of a like nature, routinely engaged by counsel.

6.    Access to "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information shall be limited to:

    a.)    the court and its officers;

    b.)    retained counsel for the parties;

    c.)    employees of retained counsel;

    d.)    independent experts who are employed to furnish expert or technical services or to give expert testimony with regard to this action. As a condition precedent to disclosure of Confidential Information to an independent expert, the expert must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; to use such information and materials solely for this litigation; not to disclose any such information or materials to any other person, firm, or concern; and never to use any of the information, directly or indirectly, in competition with or in a manner adverse to or unauthorized by the party that disclosed it, nor to allow any other person to do so. Each such independent expert shall execute a declaration acknowledging the foregoing, in the form annexed hereto.

    e.)    duplicating services, and auxiliary services of a like nature, routinely engaged by counsel.

7.    Under no circumstances may "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information be disclosed to adverse parties.

8.    Excepting retained or independent expert witnesses, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information may be disclosed to a fact witness only if the disclosing party reasonably believes the fact witness to be already familiar with such confidential information.

80314431v1  0917746  36800

9. If filed, a deposition which contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYE ONLY" Information, either in testimony or exhibits, shall be filed under seal or redacted prior to being filed with the Clerk of the Court or, alternatively, the party proposing to file the deposition shall inform the other party of its intention to file the information at least ten days prior.

10. Within 60 days of the conclusion of this litigation, including any appeals, all documents, objects and other materials containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information, and all reproductions thereof (electronic or otherwise), shall be destroyed.

11. The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party or a party hereto as "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEY'S EYES ONLY" information.

12. This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect.

SO ORDERED this  21st   date of  January  , 2011.

s/ John A. Gorman
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

80314431v1  0917746  36800

**ACKNOWLEDGMENT**

I acknowledge that I have been provided with certain information that falls within the scope of a Protective Order entered on _____, 2011, by the Court in the matter of *Terrance Jackson v. City of Peoria; Jacob Faw; John Briggs; Charles Rodgers Jr.; Robert McMillen; and John S. Rodgers II*, Case No. 10-1234.  I have been provided with a copy of the Protective Order and have read and understand its contents.  I agree to be bound by the terms of the Protective Order, to use the information and materials provided to me solely for this litigation, not to disclose any of the information or materials, directly or indirectly, in competition with or in a manner that is adverse to or unauthorized by the party that disclosed them, nor will I allow any other person to do so.


Date: _____

_____
Signature


_____
Print name